6855

COLE v. WARD.

DEED—EVIDENCE—SECONDARY.—Where pleadings admit a tract of land is in the county in which the action is brought, and the only evidence of its being in another county is two deeds through which one of the defendants claim, which so state and were recorded in the other county, certified copies of these deeds from the record of the other county are not admissible to show defendant's claim of title or as constructive notice to subsequent purchasers or creditors.

Before KLUGH, J., Darlington, December. 1906. Reversed.

Action by James A. Cole, assignee, against L. M. Ward, C. B. Edwards, L. E. Carrigan and John McSween. From judgment in favor of Defendant Edwards, Defendants Carrigan and McSween appeal.

*Messrs. Robert Macfarlan* and *Stevenson & Matheson,* for appellants. *Messrs. Stevenson & Matheson* cite: *Record in Florence County is not notice to subsequent creditors:* 134 Mass., 404; 174 Mo., 636; *London* v. *Youmans,* 31 S. C. *Certified copy is not admissible:* 27 S. C., 337. *Judgment creditor is entitled to interest Ward would have in land but for the improperly recorded deeds:* 5 Dill., 505; 105 U. S., 703; 40 Ill., 160; 28 Minn., 402; 47 Tex., 165. *Where both parties claim title from common source onus is upon defendant to prove his title:* 23 S. C., 96; 26 S. C., 164. *Notice of want of bona fides in deed by judgment creditor does not affect right of appellants:* Code 1902, 2456; 23 S. C., 543; 27 S. C., 516; 56 S. C., 472; 28 S. C., 45.

*Messrs. Geo. H. Edwards* and *E. O. Woods,* contra. *Mr. Edwards,* cites: *Declaration by Ward to Edwards was not a declaration in his own favor:* 16 S. C., 135; 48 S. C., 486; 53 S. C., 31. *Lien of judgment is limited to the actual interest of the judgment debtor:* 2 Rich. Eq., 179; 1 McC., 107; 4 S. C., 375; 6 Rich., 441; 15 S. C., 135; 19 S. C., 134; 34 S. C., 399; 17 Ency., 770, 777, 778, 781, 784, 797, 798; 23 Cyc., 1368, 1373-7, 1382-3, 1386. *Adverse holdings under deeds may be tacked to make up adverse period:* 14 S. C., 180; McM. Eq., 35; 31 S. C., 581; 2 Bay, 339; 7 Rich., 511. *Appellants are estopped from asserting their title now by remaining quiet for so long time, knowing others to be in possession, claiming title:* 2 Rich. Eq., 190; 43 S. C., 441; 72 S. C., 502.

*Mr. Woods* cites: *Appellants are not subsequent creditors, and it does not matter if they had notice or not of the Florence deeds:* 27 S. C., 576; 57 S. C., 288. *The statute of limitations runs against the lien of a judgment and pro-*

*tects a purchaser from the judgment debtor:* 2 Bay., 399; 7 Rich., 511; 14 S. C., 180; 31 S. C., 581; 65 S. C., 535. *There is no trespass involved in this case, but respondent traces title by successive deeds back to true owner, who conveyed before judgments were obtained against him, hence has a right to tack, and appellant's are barred by statute of limitations:* 2 Brev., 151; Rice, 10; 3 Strob., 331; 14 S. C., 189; 16 S. C., 132; 48 S. C., 28; 50 S. C., 166. *Rights of others having intervened, appellants are barred by unexplained delay:* 24 S. C., 90; 43 S. C., 436. *Declarations of original owner as to character of possession were competent:* 3 McC., 361; 16 S. C., 135; 48 S. C., 485.

April 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. Prior to the year 1889 J. J. Ward, of Darlington County, owned a tract of land known as the Jacob Carter place, and alleged in the complaint to be situated in Darlington County, containing three hundred twenty-seven to four hundred acres, as variously described in the several deeds. On January 1, 1889, he conveyed the premises to A. C. Spain, describing the same as situated in Florence County. This deed was recorded in Florence County January 21, 1890. Spain conveyed the tract of land to Whaley & Rivers by deed dated December 27, 1893, in which it was described as Florence County. This deed was recorded first in Florence County January 19, 1894, and later in Darlington County July 2, 1897. By successive deeds of conveyance, all of which described the land as in Darlington County, and which were duly recorded there in the proper office, the land was sold to C. B. Edwards, one of the defendants herein, who is in possession.

Mrs. L. M. Ward, wife of J. J. Ward, and the grantor of Edwards, had, previous to her conveyance to him, given a mortgage on the premises to Pauline S. Heyward and Helen S. Whaley. This mortgage was duly assigned to James A. Cole, the plaintiff in this action.

It appears that J. J. Ward became largely indebted to various persons and corporations between January 1, 1889, the date of Ward's conveyance of the premises to Spain, and July 2, 1897, the date of the record of the deed from Spain to Whaley & Rivers in Darlington County, and that these obligations were reduced to judgment November 2, 1895; March 13, 1896; April 10, 1896, and June 23, 1897, respectively. Execution was duly issued on each, and the land in question was levied on October 11, 1905, and sold by the sheriff to L. E. Carrigan, acting for himself and John McSween, on the 6th day of November, 1905, the sheriff giving him the usual sheriff's deed therefor. Carrigan and McSween now own or control the judgments mentioned above.

This action was brought by plaintiff as assignee to foreclose the mortgage of Mrs. L. M. Ward to Mrs. Heyward and Mrs. Whaley, Mrs. Ward, C. B. Edwards, L. E. Carrigan and John McSween being made parties defendant.

Defendants Carrigan and McSween answered, setting up claim to the land in controversy as subsequent creditors without notice of the deed from J. J. Ward to Spain, and claimed protection under the recording acts. When their answer was served on defendant, C. B. Edwards, he answered, alleging title in himself by complete chain of legal title back to J. J. Ward.

The issue of title thus made between L. E. Carrigan and John McSween, on the one hand, and C. B. Edwards on the other, was tried before his Honor, Judge Klugh, and a jury in the Court of Common Pleas for Darlington County and resulted in a verdict for defendant, C. B. Edwards.

The vital and controlling question raised by the exceptions of appellants, Carrigan and McSween, is whether it was error to admit in evidence, over objection, certified copies of the record in Florence County of the deed from Ward to Spain and from Spain to Whaley & Rivers. Appellants objected to the admission of the testimony on two grounds: "(a) That the records of Florence County are

not notice as to lands in Darlington County; (b) that the records of a deed in Florence County to land in Darlington County is no record at all, and not evidence, nor is it competent to use a certified copy of such record in the court as evidence."

We think the Court erred in the admission of this testimony.

The complaint alleged that the land in controversy was located in Darlington County, the answer of defendants, Carrigan and McSween, admitted it, and it is also admitted by the answer of C. B. Edwards to the affirmative answer of Carrigan and McSween. W. H. Mozingo testified that the land lies in Darlington County, and all the deeds to the same, except the deed from J. J. Ward to A. C. Spain and that from Spain to Whaley & Rivers, were recorded in Darlington County, including the deed from Mrs. L. M. Ward to defendant, C. B. Edwards. The Court of Common Pleas for Darlington County has acquired jurisdicition in this case because the land lies in Darlington County.

It is contended by the respondent, Edwards, that the confusion as to the location of this land was brought about by the fact that shortly before the deed of Ward to Spain part of Darlington County was cut off in the new County of Florence by an Act of the General Assembly (20th Stat., 168), approved December 24, 1888, and that at the date of said deed the land in question was in Florence County, and the same was properly recorded in Florence County.

The boundary line between the two counties near the location of the Jacob Carter tract was changed by an act (20th Stat., 507) approved December 24, 1889, which was after Ward's deed to Spain. That deed was not recorded in Florence County until January 21, 1890, more than twenty days after the approval of the said act. There was not a particle of testimony that the land in dispute was ever in Florence County, beyond the statement to that effect in Ward's deed to Spain and Spain's deed to Whaley & Rivers.

It being admitted by the pleadings that the land is in Darlington County and no change having been made in the lines between the counties of Darlington and Florence since December 24, 1889, and no evidence that the land was ever within the boundaries of Florence County, the record in that county was a nullity as against subsequent creditors and purchasers without notice. Sec. 1968, Rev. Stat., 1893. Hence it was error to admit certified copies of such record, either to show Edwards' chain of title, or constructive notice to subsequent creditors and purchasers.

As this conclusion must work a new trial, we deem it unnecessary to consider the other questions raised by the exceptions.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.